SAM. MILLIGAN,
HORACE H. HARRISON, } *Judges.*
HENRY G. SMITH,

ELAM F. THOMAS Administrator of BLACKMUN RHODES,
vs. MORDECAI RHODES.

USURIOUS CONTRACT.  *Imbecility of mind.  Relief in Equity.*

1. Where a person of such imbecility of mind as to be incapable of making a contract, lends money at usurious rates, and takes notes therefor, bearing on their face usurious interest, equity will relieve against the consequences of the mistake, and decree the payment of the notes with lawful interest.

THE SAME.  *Discharge in lawful money.*

2. Though the money loaned under such circumstances was in gold, the notes will be discharged in lawful money: the decree will be entered simply for dollars and cents.

On the 18th August 1863, the Defendant borrowed of Complainant's intestate, his brother, $305 in gold; and on the 1st, of September 1863, he borrowed from him $480 in gold; in both instances he gave the intestate his note for the amount borrowed, payable on the 19th day of August 1865, stipulating on the face of the notes, for the payment of interest at the rate of 10 per cent per annum. The Complainant by bill sought to be relieved from the effect of these illegal contracts, and have a decree for the amount loaned, &c., on the ground that the intestate was of such weakness of mind as to be unable to govern him-

Thomas v. Rhodes.

self against imposition, or to resist importunity, or undue influence and not adequate to the business he was about; and because the defendant was his brother and had his confidence, and exerted great influence over his weak mind; and obtained the money, and induced the intestate by fraud and undue influences.

SMITH, J.:

The testimony does not show any particular fraud or undue influence by the defendant in obtaining the money or making the notes; yet it discloses the fact that the intestate was of such imbecility of mind as to be incapable of assenting to the illegal contracts; and therefore the complainant is entitled to a decree for the money loaned, and legal interest thereon to the date of the decree.

The Chancellor decreed that the defendant should pay the amount borrowed in gold coin. This was error. A decree must be entered simply for the amount in dollars and cents.

Illegal contracts. See Ingraham v. Plunk, *supra* page 259. Imbecility of contracting party. Keeble v. Cummins, 5 Hayw. 43; King v. Cohorn, 6 Yerg. 75; Hadly v. Latimer, 3 Yerg. 537; Johnson v. Chadwell, 8 Humph. 145; Craddock v. Cabiness, 1 Swan, 474; Gass v. Mason, 4 Sneed, 497; Clark v. Jetton, 5 Sneed, 229; Walton v. Northington, 5 Sneed, 282; Birdsong v. Birdsong, 2 Head, 289; Walker v. McCoy, 3 Head, 103; Talley v. Smith, 1 Cold. 290.